```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                   FORT MYERS DIVISION
```

CARLOS JUSTINO BRAVO-DIAZ,

        Petitioner,

v.                                             Case No. 2:25-cv-1013-JES-DNF

WARDEN MATTHEW MORDANT, et al.,

        Respondents.

_____

## OPINION AND ORDER

Before the Court are Carlos Justino Bravo-Diaz's Petition for Writ of Habeas Corpus (Doc. #1), the government's response (Doc. #7), and Bravo-Diaz's reply (Doc. #9). For the below reasons, the Court grants the petition.

Bravo-Diaz is a native and citizen of Guatemala who entered the United States without inspection on July 1, 2010. In May 2025, Bravo-Diaz applied for asylum, and the application remains pending. Immigration and Customs Enforcement (ICE) apprehended Bravo-Diaz on October 24, 2025, and detained him in Alligator Alcatraz without a bond hearing. He has since been transferred to the Adams County Correctional Center in Natchez, Mississippi. ICE commenced removal proceedings on November 20, 2025.

The core of the dispute before this Court is whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the Immigration and Nationality Act (INA) applies to Bravo-Diaz. The distinction matters because §

1225(b)(2) mandates detention, while noncitizens detained under § 1226(a) have the right to a bond hearing before an immigration judge. Bravo-Diaz asks the Court to order the respondents to either release him or provide a prompt bond hearing.

The respondents argue (1) 8 U.S.C. § 1252(g) and (b)(9) strip the Court of jurisdiction over the petitioner's claims, (2) the petitioner failed to exhaust available administrative remedies, and (3) the petitioner is properly detained under § 1225 and is not eligible for a bond hearing. The Court rejected these arguments in recent cases that presented the same issues, Patel v. Hardin, No. 2:25-cv-870-JES-NPM, 2025 WL 3442706 (M.D. Fla. Dec. 1, 2025) and Cetino v. Hardin, 2:25-cv-1037-JES-DNF, 2025 WL 3558138 (M.D. Fla. Dec. 12, 2025). The Court's reasons for granting habeas relief in those cases apply equally here.

As the Court explained in Patel and Cetino, it has jurisdiction because this action falls outside the scope of § 1252(g) and (b)(9), and exhaustion is excused because it would be futile. And like the petitioners in those cases, Bravo-Diaz's detention is governed by § 1226(a), not § 1225(b)(2). As a noncitizen detained under § 1226(a), Bravo-Diaz has a right to a bond hearing. See Jennings v. Rodriguez, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

2

Accordingly, it is hereby

**ORDERED**:

Carlos Justino Bravo-Diaz's Petition for Writ of Habeas Corpus (Doc. #1) is **GRANTED**.

(1) Within **ten (10) days** of this Opinion and Order, the respondents shall either (1) bring Bravo-Diaz for an individualized bond hearing before an immigration judge or (2) release Bravo-Diaz under reasonable conditions of supervision. If the respondents release Bravo-Diaz, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he may be collected.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** at Fort Myers, Florida this __16th__ day of December 2025.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE


SA: FTMP-1
Copies:   All parties of record

3